[Cite as *State v. Torres*, 2022-Ohio-2678.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,        :

                                        No. 111047

    v.                          :

CELLISTINE TORRES,                      :

    Defendant-Appellee.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649571-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant, state of Ohio, appeals the trial court's refusal to sentence defendant-appellee, Cellistine Torres ("Torres"), under S.B. 201 known as the Reagan Tokes Law on the ground that the law is unconstitutional.

**{¶ 2}** We reverse the trial court's judgment and remand the case for resentencing pursuant to the Reagan Tokes Law.

## I. Facts and Procedural History

**{¶ 3}** Torres pleaded guilty to: (1) felonious assault, R.C. 2903.11(A)(2), a second-degree felony as amended in Count 1 of the indictment; (2) attempted aggravated robbery, R.C. 2923.02 and 2911.01(A)(1), a second-degree felony with a three-year firearm specification, R.C. 2941.145, as amended in Count 2 of the indictment; and (3) criminal damaging, R.C. 2909.06(A)(1), a second-degree misdemeanor, as charged in Count 9 of the indictment.

**{¶ 4}** The trial court declined to impose sentence under the Reagan Tokes Law finding it unconstitutional pursuant to *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.). Torres was sentenced to two years on Counts 1 and 2 to be served concurrently and consecutive to the three-year term for the firearm specification for a total of five years.

**{¶ 5}** The state appeals as a matter of right and poses a single assigned error: "The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201." We agree.

**{¶ 6}** The parties acknowledge familiarity with this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), finding the Reagan Tokes Law constitutional. The state offers that until the Ohio Supreme Court holds otherwise, this court must reverse the trial court's refusal to impose sentence under the law. Torres counters that the *Delvallie* en banc decision was incorrectly decided.

**{¶ 7}** This court is indeed bound by the authority established in the en banc *Delvallie* decision. The state's assigned error is sustained. The sentence is reversed and remanded for resentencing under the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, PRESIDING JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).